# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY PRENTICE, (a.k.a. Ammianus Pompilius)<br><br>　　　Plaintiff<br>v.<br><br>CHARLES DANIELS, et al.,<br><br>　　　Defendants | Case No.: 2:21-cv-00369-JAD-VCF<br><br>**Order Severing Cases and Denying IFP Motions**<br><br>[ECF Nos. 5, 11, 14, 15, 16, 17, 19, and 20] |
| TRENTON HARRIS,<br><br>　　　Plaintiff<br>v.<br><br>CHARLES DANIELS, et al.,<br><br>　　　Defendants | |
| PABLO TORRES,<br><br>　　　Plaintiff<br>v.<br><br>CHARLES DANIELS, et al.,<br><br>　　　Defendants | |
| COLLIN MONGE,<br><br>　　　Plaintiff<br>v.<br><br>CHARLES DANIELS, et al., | |

| | |
|---|---|
| 1 | Defendants |
| 2 | |
| 3 | MARTIN GILLEN, |
| 4 |     Plaintiff |
| 5 | v. |
| 6 | CHARLES DANIELS, et al., |
| 7 |     Defendants |
| 8 | CHAD HAEFNER, |
| 9 |     Plaintiff |
| 10 | v. |
| 11 | CHARLES DANIELS, et al., |
| 12 |     Defendants |
| 13 | DAVID KLEIN, |
| 14 |     Plaintiff |
| 15 | v. |
| 16 | CHARLES DANIELS, et al., |
| 17 |     Defendants |
| 18 | NICHOLAS A NAVARRETTE, |
| 19 |     Plaintiff |
| 20 | v. |
| 21 | CHARLES DANIELS, et al., |
| 22 |     Defendants |
| 23 | |

| | |
|---|---|
| 1 | BRYAN P. BONHAM, |
| 2 |     Plaintiff |
|   | v. |
| 3 | |
|   | CHARLES DANIELS, et al., |
| 4 | |
|   |     Defendants |
| 5 | |
| 6 | MICHAEL CURTIS, |
| 7 |     Plaintiff |
|   | v. |
| 8 | |
|   | CHARLES DANIELS, et al., |
| 9 | |
|   |     Defendants |
| 10 | |

On March 4, 2021, a complaint was submitted in this action purporting to be on behalf of ten prisoners who were incarcerated at High Desert State Prison, but it was not signed by all of them.[1] On May 10, 2021, I issued an order screening the complaint and tentatively determining that, if each of the named plaintiffs signed the complaint and filed applications to *proceed in forma pauperis* or paid the filing fee, I would permit them to proceed together in this action.[2] I explicitly cautioned the named plaintiffs that, depending on how the case developed, I might sever the plaintiffs' claims from each other if severance became legally required or appropriate.[3]

Because Prentice claimed that plaintiffs were not able to obtain financial certificates and account statements, I gave each of the named plaintiffs a chance to either pay the filing fee, file a

---

[1] ECF Nos. 1-1, 1-2.
[2] ECF No. 7 at 5-6.
[3] *Id.* at 6.

complete application to proceed *in forma pauperis* with the required financial certificate and account statement, or file an application to proceed in *forma pauperis* with an affidavit dated and signed by that particular plaintiff explaining the steps he personally had taken to try to acquire the documents to file an application to proceed *in forma pauperis*.[4] I explicitly stated that each named plaintiff was required to sign and submit his own application with his own affidavit.[5]

At least one of the named plaintiffs, David Klein, is no longer at High Desert State Prison,[6] and he has not signed a complaint. In addition, the Court now has received a number of applications to proceed *in forma pauperis*.[7] Among them was an application to proceed *in forma pauperis* and declaration purportedly signed by Pablo Torres.[8] I note that the Court also has received another application and a declaration and a complaint that all purportedly have been signed by Pablo Torres.[9] But the Court later received a notice and supporting declaration, purportedly signed by Pablo Torres, stating that he had not signed or submitted the application to proceed *in forma pauperis* or the declaration filed in support of that application and that he had not signed any other document in this case and does not wish to be part of this case.[10] The declaration submitted in support of that notice states that the statements in the declaration in support of the application to proceed *in forma pauperis* all were untrue.[11]

---

[4] *Id.* at 5.
[5] *Id.*
[6] ECF No. 12.
[7] ECF Nos. 5, 11, 14, 15, 16, 17, 19, and 20.
[8] ECF Nos. 15, 15-1.
[9] ECF No. 1-4 at 11; ECF No. 5 at 14; ECF No. 9-1 at 47.
[10] ECF No. 22 at 1.
[11] ECF No. 22 at 4.

For a variety of reasons, I now have determined that it is not appropriate for the named plaintiffs to join their claims in this one action. A person may be permissibly joined as a plaintiff under Rule 20 if (1) he asserts "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all plaintiffs will arise in the action."[12] However, under Rule 21, "the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." Thus, even where the requirements of Rule 20 are met, a district court should also consider whether permissive joinder of plaintiffs would comport with principles of judicial economy and further fundamental fairness and whether joinder would result in prejudice to either side.[13] Courts have broad discretion regarding severance.[14]

It now is clear that joinder of these claims is not promoting judicial efficiency or fundamental fairness; it's become inefficient. There may be varying issues relating to *in forma pauperis* status and applications, including the possibility that false or forged applications and declarations were filed with the Court. It would not be fair to delay all plaintiffs' matters based on these various issues or to hold all named plaintiffs responsible for all the applications and

---

[12] Fed. R. Civ. P. 20(a); *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015).

[13] *Visendi v. Bank of America, N.A.*, 733 F.3d 863, 870 (9th Cir. 2013); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) ("Rule 20 is designed to promote judicial economy, and reduce inconvenience, delay, and added expense."); *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (holding that, even once Rule 20 requirements are met, a district court must examine whether joinder would comport with principles of fundamental fairness or would result in prejudice to any party); *see also Harmon v. Brown*, 2018 WL 6243246, at *1 (S.D. Cal. Nov. 29, 2018) ("Even if the standard for permissive joinder under Rule 20(a) is satisfied, district courts have the discretion to refuse joinder in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.").

[14] *See Coleman*, 232 F.3d at 1297.

declarations. Moreover, at least one of the original purported plaintiffs is no longer at High Desert State Prison, highlighting the risk that others will either be released or moved to another prison or another unit and that the plaintiffs will not all be able to agree on and sign each document filed with the Court, as Rule 11(a) of the Federal Rules of Civil Procedure requires.[15] There also appears to be a risk that documents may be filed with signatures that are not authentic. So, I now sever these claims into separate actions for each plaintiff. The only plaintiff going forward in this action is Anthony Prentice, and he is the only named plaintiff who may continue to file documents in this case. The Court will administratively open new cases for each of the other named plaintiffs except for Klein.

In addition, due to the notice and supporting declaration indicating that at least one application to proceed *in forma pauperis* may not have been signed by a named plaintiff and that a supporting declaration may contain false information and a forged signature, I lack confidence that all of the application*s* and supporting documents are authentic and true and I am thus not willing to order that each of the named plaintiffs pay funds to the Court as this could be unfair to the plaintiffs and create an undue administrative burden for the Court.

So, other than the application submitted by Prentice, I deny without prejudice all the other applications to proceed *in forma pauperis* that have been received by the Court in this case. I will give each of the other named plaintiffs a chance to personally sign and personally submit a complete application to proceed *in forma pauperis* in his own individual case using his own new case number; none of these named plaintiffs may submit or file and other document in his case

---

[15] *Davis v. United States*, 2007 WL 2225791, at *1 (E.D. Cal. July 31, 2007) (severing claims because claims brought by multiple incarcerated plaintiffs present procedural problems that cause delay and confusion, especially because all plaintiffs must communicate, agree on, and sign every document but they may be in different units or different prisons or released on parole during the course of the litigation).

unless and until the Court receives his filing fee or receives and grants his application to proceed *in forma pauperis*. I will <u>not</u> permit any plaintiff to substitute a declaration in place of a properly executed financial certificate and account statement. Each named plaintiff has had months to acquire the financial certificate and account statement. I am aware that this Court is receiving complete applications from other prisoners at High Desert State Prison, including executed financial statements and account statements. Furthermore, each named plaintiff must <u>personally</u> sign his own application and must <u>personally</u> sign each document submitted by him in his individual case. Finally, neither Mr. Prentice nor any other named plaintiff may submit or file documents on behalf of any prisoner other than himself.

### Conclusion

IT IS THEREFORE ORDERED that:

- **This case, No. 2:21-cv-00369-JAD-VCF, proceeds on behalf of Plaintiff Anthony Prentice ONLY**;
- **Any claims brought by David Klein are DISMISSED** without prejudice; and
- The applications to proceed *in forma pauperis* for all plaintiffs other than Anthony Prentice **[ECF Nos. 5, 11, 14, 15, 16, 17, 19, and 20] are DENIED** without prejudice.

IT IS FURTHER ORDERED that the Clerk of the Court is directed to:

- **Administratively open a new case for each of the following plaintiffs**: Collin Monge, Trenton Harris, Martin Gillen, Bryan P. Bonham, Nicholas Navarrette, Pablo C. Torres, Chad Haefner, and Michael Curtis. Only one plaintiff may be docketed in each case.
- **FILE AND DOCKET this order in each new case** and shall SEND a copy of this order to each of the named plaintiffs.

- **ENTER** a court-generated notice of related cases in each of the ten cases.
- **DOCKET** as a <u>submitted</u> complaint a copy of the complaint (found at ECF Nos 9, 9-1) in each of the new cases. If any of these plaintiffs, including but not limited to Pablo Torres, does not wish to pursue the action, he must not file a completed application to proceed *in forma pauperis*, and the Court then will dismiss that person's action without prejudice and without charging a fee.

IT IS FURTHER ORDERED that **each plaintiff has until October 20, 2021, to** either pay the filing fee or file a complete application to proceed *in forma pauperis*, including both an inmate account statement for the past six months and a properly executed financial certificate. Each plaintiff must file the application and supporting documents in his own new case, personally sign the application, personally file the application, and personally sign any other documents in his case. **NO PRISONER MAY SUBMIT OR FILE ANY DOCUMENT WITH THIS COURT ON BEHALF OF ANOTHER PRISONER.**

IT IS FURTHER ORDERED that, **if any plaintiff fails to either pay the complete filing fee or file a complete application to proceed *in forma pauperis*, including the financial certificate and account statement by October 20, 2021, his case will be dismissed** without prejudice.

IT IS FURTHER ORDERED that no plaintiff may submit any other documents in any of the new cases unless and until the plaintiff in that new case has paid the filing fee or this Court has granted his application to proceed *in forma pauperis*.

Dated: August 20, 2021

_____
U.S. District Judge